UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO, | No. 2:18-cv-2276 AC P |
| Petitioner, | |
| v. | ORDER |
| JOE GAROFALO, Sheriff, Colusa County, | |
| Respondent.[1] | |

Petitioner, a Colusa County Jail inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis, ECF No. 6, will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must dismiss a petition if it "plainly appears from the petition and any attached

---

[1] Petitioner named the Colusa County Superior Court as respondent. However, a federal petition for writ of habeas corpus must name as respondent the state officer having actual custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Colusa County Sheriff Joe Garofalo is substituted as respondent.

1

exhibits that the petitioner is not entitled to relief in the district court."

The petition was constructively filed on July 25, 2018.[2] It challenges petitioner's 2016 conviction and sentence in Colusa County Superior Court in Case No. CR58243. See ECF No. 1 at 2. Petitioner was found guilty of resisting arrest in violation of California Penal Code § 69, pursuant to his guilty plea, on October 26, 2016. A three-year sentence was imposed on November 23, 2016. The petition challenges the trial court's denial of petitioner's Marsden motion,[3] and the alleged failure of the trial court to advise petitioner of his right to withdraw his guilty plea pursuant to California Penal Code 1192.5.[4] ECF No. 1 at 3.

On November 27, 2017, the Third District California Court of Appeal affirmed the trial court's judgment and added three days to petitioner's custody credits. Id. at 5; see also People v. Azevedo, 2017 WL 5663019, at *4, 2017 Cal. App. Unpub. LEXIS 8046, at *10 (Cal. Ct. App. Nov. 27, 2017) (Case Nos. C083685 & C083727) (remittitur issued January 29, 2018).[5] The Court of Appeal decision addressed two of petitioner's Superior Court cases, CR58243 (the resisting arrest conviction and sentence challenged here) and CR58244 (petition for revocation of

---

[2] The petition was docketed nearly one month later, on August 21, 2018. For present purposes, the court designates as the filing date the date of petitioner's signature. See ECF No. 1 at 6; see also ECF No. 2 at 1-2. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[3] Under People v. Marsden, 2 Cal. 3d 118, 123 (1970), a trial court must appoint substitute counsel for a criminal defendant if, absent such appointment, his Sixth Amendment "right to the assistance of counsel would be substantially impaired."

[4] Under Cal. Penal Code § 1192.5, a trial court may approve a plea of guilty or nolo contendere that specifies punishment after the plea is accepted by the prosecuting attorney, and the court has "satisfy[ied] itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." The defendant may withdraw his plea only if, at the time set for hearing on the application for probation or pronouncement of judgment, the trial court "withdraw[s] its approval in the light of further consideration of the matter."

[5] See http://appellatecases.courtinfo.ca.gov/search (Case Information website operated by the California Courts). This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

post-release community supervision (PRCS) for being under the influence of a controlled substance). As explained by the Court of Appeal:

> A petition for revocation of PRCS in case No. CR58244 filed on August 31, 2016, alleged that defendant violated the conditions of his release . . . . An information in case No. CR58243 filed September 23, 2016, charged defendant with resisting an officer by use of force and violence (§ 69; count I), fighting in a public place, a misdemeanor (§ 415, subd. (1); count II), and using or being under the influence of methamphetamine, a misdemeanor (Health & Saf. Code, § 11550, subd. (a); count III). Defendant entered a negotiated plea of guilty to count I in exchange for the prosecutor's agreement to recommend probation and the dismissal of counts II and III. Violation of PRCS in case No. CR58244 was submitted on his plea in case No. CR58243. The court took judicial notice of the plea and the terms and conditions of PRCS and found defendant in violation by failing to obey all laws and using methamphetamine. . . . At sentencing, defendant sought substitute counsel. After hearing and denying defendant's request, the court indicated it planned to grant probation in case No. CR58243 (resisting offense). Defendant refused to be placed on formal probation. The court then denied probation, concluded mandatory supervision would be inappropriate, and sentenced defendant to three years in county jail. (§ 1170, subd. (h).) The court did not award any custody credits. For the PRCS violation, case No. CR58244, the court imposed a 180-day term to be served consecutively and awarded 169 days of credit. The court found "the offense punished in case No. CR58243 [(resisting an officer by use of force and violence)] is factually separate from the defendant's PRCS violation."

People v. Azevedo, 2017 WL 5663019, at *1, 2017 Cal. App. Unpub. LEXIS 8046, at *3.

Subsequent to filing the instant petition, petitioner filed another federal habeas petition challenging the conviction and sentence on his PRCS violation (CR58244). See Azevedo v. Colusa County, Case No. 2:19-cv-2690 KJN P. Petitioner was advised in that case that his federal challenges to CR58243 and CR58244 must remain separate. (See id., ECF No. 6) (petitioner may challenge only one conviction in one federal habeas action and must raise all challenges to that conviction in that action). In that case, petitioner was granted leave to file an amended petition that makes clear he is raising claims relevant only to CR58244. Petitioner was also advised that "[t]o the extent petitioner raises new challenges to CR58243 in the instant petition that were not included in his federal petition filed in No. 2:18-cv-2276 AC, petitioner must seek leave to file an amended petition in No. 2:18-cv-2276 AC to raise any new claims therein." (Id.)

3

The petition now before the court lacks clarity. Petitioner's legal claims and factual allegations do not clearly distinguish between CR58243 and CR58244. Only challenges to the former may be made in the instant case. Moreover, it appears that petitioner filed this action prior to exhausting his claims in the California Supreme Court. See ECF No. 1 at 5. This court may consider only those claims that were fully exhausted in the state courts. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); see also Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

For these several reasons, the instant petition will be dismissed with leave to file an amended petition within thirty days, which will then be screened pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 6, is granted.

2. The petition for writ of habeas corpus, ECF No. 1, is dismissed with leave to amend.

3. Petitioner is granted thirty (30) days after the filing date of this order to file an amended petition for writ of habeas corpus, on the form provided herewith, that clearly challenges only his conviction and sentence in Superior Court Case No. CR58243, and demonstrates exhaustion of petitioner's relevant state court remedies.

4. Failure of petitioner to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of Court is directed to (a) substitute as respondent herein Colusa County Sheriff Joe Garofalo, and (b) send petitioner, together with service of this order, a blank petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED: November 7, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE